UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RICHARD LAWSON,

                Plaintiff,

-against-

PTM MANAGEMENT CORP. and
UNITED SERVICE WORKERS UNION,

                Defendants.

----------------------------------------------------------X

**REPORT & RECOMMENDATION
11 CV 1678 (DLI)(LB)**

**BLOOM, United States Magistrate Judge:**

This action was referred to me for pretrial supervision. Plaintiff filed this *pro se* action in State Supreme Court alleging his former employer PTM Management Corp. discriminated against him and United Service Workers Union (the "Union") violated its duty of fair representation. The Union removed the action to this Court. PTM Management Corp. answered the complaint and the Union has filed a motion to dismiss the action. The Court held two pretrial conferences pursuant to Fed. R. Civ. P. 16. Plaintiff failed to appear at the conferences and has failed to respond to the Court's order to show good cause why he failed to appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed for plaintiff's failure to comply with the Court's orders under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## BACKGROUND

This *pro se* action was removed from New York Supreme Court, County of Queens, on April 6, 2011. After both defendants responded to the complaint, the Court scheduled an initial conference by order dated April 22, 2011. Prior to the date of the conference, the Court's order

1



which was sent to plaintiff was returned as undeliverable, apparently because it was sent to the wrong address. See docket entry # 17.[1] The Union provided an address for plaintiff that also matched plaintiff's address in his complaint. See Docket entries # 1, 16.[2] The Court adjourned the conference to May 24, 2011 and sent the order to plaintiff at the corrected address. Shortly thereafter, the Court received a letter from plaintiff, requesting that the Court dismiss the Union due to its purportedly belated response to his complaint. Docket entry # 20. This letter listed another address for plaintiff.[3] Although the Court's order scheduling the May 24, 2011 conference had not been returned as undeliverable, in an abundance of caution, the Court sent a second copy of the scheduling order to plaintiff's new address by express mail. This order was delivered on May 18, 2011. See www.fedex/tracking for package no. 874747441403 (last visited on June 24, 2011).

Plaintiff failed to appear at the conference. After waiting half an hour for plaintiff, the Court rescheduled the conference to June 21, 2011. Docket entry # 22. The Court issued an order notifying plaintiff of the new conference date. The Order also made clear that plaintiff's case was proceeding in federal court, not state court. Id. The order explicitly warned plaintiff that "if he failed to timely appear on June 21, 2011 ... the Court will dismiss this action." Id. (citing Fed. R. Cvi. P. 16(f) and 37(b)(2)(A)(v)).

On June 21, 2011, the Court and defendants' counsel waited over an hour and a half for plaintiff, but plaintiff failed to appear.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own,

---

[1] The clerk sent the scheduling order to 132 East 45th Street, New York, NY 10017, but this address not does appear on plaintiff's filings.
[2] This address was 111-31 156 Street, Jamaica New York, 11433.
[3] The letter listed 109-65 Liverpool Street, Jamaica, NY 11435 as plaintiff's address.

2

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate - or does not participate in good faith - in the conference; or fails to obey a scheduling or other pretrial order." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include ... dismissing the action or proceeding in whole or in part.").

The Court applies Rule 37 standards in a Rule 16(f) dismissal. Quiles v. Beth Israel Med. Ctr., 168 F.R.D. 15, 18 (S.D.N.Y. 1996). Accordingly, the Court considers whether: "(1) plaintiff's non-compliance rose to the level of wilfulness, bad faith, or his own fault, (2) less drastic alternatives to dismissal [are] available or ... likely to be effective; and (3) the party ... has been apprised of th[e] possibility [of dismissal]." Cross v. Village of Cooperstown, No. 04-CV-501, 2007 WL 3254269, at * 3 (N.D.N.Y. Nov. 2, 2007) (Scullin., J.) (internal quotations and citations omitted). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (dismissing *pro se* plaintiff's case where plaintiff repeatedly failed to comply with the Court's orders, which warned of the possibility of dismissal).

Plaintiff has not requested an adjournment nor contacted the Court regarding his failure to appear. There is no reason to believe that plaintiff will comply if the Court holds another conference and orders him to appear. Cf Issa v. Gristedes Supermarkets, No. 05-CV-3654, 2005 WL 2605581, at * 2 (S.D.N.Y. Oct. 5, 2005) (Gorenstein, M.J.) (finding "no reason to believe

3

[plaintiff] will comply in the future" with court orders to appear, given her failure to appear at two conferences and her statement that she was reluctant to pursue the case.) Since plaintiff is proceeding *pro se* and *in forma pauperis*, "this is not a case where monetary sanctions would be reasonable." Quiles, 168 F.R.D. at 19. Moreover, the Court has already tried the lesser sanction of "allowing additional time .. and warning [plaintiff] of possible dismissal." Cross, 2007 WL 3254269, at * 4. Finally, plaintiff has been warned of the consequences of his failure to appear. See Docket entry # 22.

Defendants' counsel appeared for two Court conferences, but plaintiff has failed to appear and has not contacted the Court.[4] A case cannot proceed where plaintiff fails to appear as ordered by the Court. Therefore, the case should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v) as any less drastic alternative to dismissal would be futile.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

---

[4] The only correspondence from plaintiff has been a May 11, 2011 letter requesting the Court dismiss the Union for failure to timely respond to his complaint. Docket entry # 20. Plaintiff alleges the Union's notice of removal, filed on April 6, 2011, was untimely because its response was due on April 2, 2011. However, the Union was served with the complaint on March 8, 2011. Docket entry # 1 ¶ 2. On April 6, 2011, the Union removed the action to this Court and filed a letter requesting a pre-motion conference and an extension of time to respond to the complaint on April 8, 2011. Docket entry # 4. The Court granted the extension of time. See Order dated April 14, 2011. Accordingly, it is also respectfully recommended that the Court deny plaintiff's letter request, docket entry # 20.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated: June 27, 2011
Brooklyn, New York

5