UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
RICHARD J. LAWSON, *pro se*,  :
                                        :        **SUMMARY ORDER ADOPTING**
                    Plaintiff,          :        **REPORT AND RECOMMENDATION**
                                          :        11-CV-1678 (DLI)(LB)
                -against-            :
                                          :
PTM MANAGEMENT CORP. and       :
UNITED SERVICE WORKERS UNION,      
                                          :
                    Defendants.      :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

       On March 1, 2011, *pro se* plaintiff Richard J. Lawson ("Plaintiff") brought this action in New York Supreme Court, Queens County against PTM Management Corp. ("PTM") and United Service Workers Union (the "Union"). On April 6, 2011, the Union properly removed the action[1] to this court pursuant to 28 U.S.C. §§ 1441 and 1446(b). (Doc. Entry No. 1.) The matter was referred to U.S. Magistrate Judge Lois Bloom for pre-trial supervision.

       By Order dated May 10, 2011, the magistrate judge scheduled a pre-trial conference for May 24, 2011. (Doc. Entry No. 19.) Plaintiff failed to appear at the May 24, 2011 conference and, after waiting half an hour, the magistrate judge rescheduled the conference to June 21, 2011. By Order dated May 31, 2011, the magistrate judge notified Plaintiff of the new date. (Doc. Entry No. 22.) The Order made clear that Plaintiff's case was proceeding in federal court, not state court. (*Id.*) Further, the Order directed Plaintiff to show good cause why he failed to appear at the May 24, 2011 conference and explicitly warned Plaintiff that if he failed to timely

---

[1] Plaintiff incorrectly maintained throughout the action that the Union improperly removed the case after the deadline had passed. (*See, e.g.,* Doc. Entry No. 20, Pl. Letter to the Court, dated May 5, 2011.) Accordingly, Plaintiff erroneously believed that default judgment should have been entered against the Union, and that the matter should have been remanded to state court. (*See* Doc. Entry No. 33, Pl. Mot. for Default and Mot. for Sanctions.) By ECF Order dated July 29, 2011, this court denied Plaintiff's motions and found that the action was properly removed.

1

appear at the June 21, 2011 conference, that the action would be dismissed for failure to comply with the court's order. (*Id.*)

On June 21, 2011, the magistrate judge and defendants' counsel waited over an hour and a half for Plaintiff, but Plaintiff again failed to appear at the conference. Accordingly, on June 28, 2011, the magistrate judge issued a Report and Recommendation ("R & R") [2] recommending Plaintiff's action be dismissed, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v), for failure to comply with the court's orders. (R & R at 4.)

On July 8, 2011, Plaintiff timely objected to the R & R. (*See* Doc. Entry No. 30, Plaintiff's Objection ("Pl. Obj.").) In his objection, Plaintiff stated his "conscience is cleared and [he is] prepared to proceed with this matter," as he is now "in possession of the final determination from Queens Supreme Court, aka, QSC" regarding the removal of the action. (Pl. Obj. at 1.) Plaintiff further stated:

> [m]y ability to proceed, heretofore, was hampered by my conscientious belief that QSC would rule on the legality of the Notice of Removal since it was filed on April 6, 2011, as an initial appearance, in violation of the deadline of April 2, 2011. Now that I know that it is the intent to [*sic*] QSC to defer the matter to USDC with no consideration to the deadline, I am fully prepared to give the court my undivided attention to each and every detail going forward.

(*Id.*) On July 22, 2011, PTM and the Union each filed responses to Plaintiff's objection, urging that the R & R be adopted in its entirety. (*See* Doc. Entry Nos. 31, 32.)

For the reasons set forth below, upon due consideration of Plaintiff's objection and the R & R, the court adopts the R & R in its entirety.

---

[2] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* Docket Entry 23.)

**I.      Standard of Review**

Where a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R & R for clear error. *Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**II.     Discussion**

Objections of parties appearing *pro se* are "generally accorded leniency" and should be read "to raise the strongest arguments that they suggest." *Robinson*, 2012 WL 123263, at *2 (citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation and internal quotations marks omitted)).

Here, Plaintiff's objection merely reiterates his belief that the action was improperly removed and the objection is otherwise comprised of general statements about the clarity of Plaintiff's conscience and his newfound willingness to proceed with the action. This objection is neither specific nor is it aimed at a particular finding in the magistrate judge's R & R. Given the

general and conclusory nature of Plaintiff's objection, the court finds the clear error standard of review applies to the R & R.

The court has carefully reviewed the R & R and finds no clear error. Significantly, at no time prior to the issuance of the R & R did Plaintiff advise the court that he was seeking a state order declaring the removal of the case to this court improper. This is something the state court was powerless to do as it was stripped of its jurisdiction once the case was removed, whether properly or not. *See* 28 U.S.C. § 1446(d). Plaintiff's alleged attempt to have this case remanded is no excuse for his failure to comply with court orders or to willfully absent himself from court proceedings. The court therefore adopts the R & R in its entirety for the reasons contained therein. Accordingly, Plaintiff's action is dismissed, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v), for failure to comply with the court's orders.

### III. Conclusion

Upon due consideration, and after finding no clear error, the R & R is adopted in its entirety. Accordingly, Plaintiff's action is dismissed, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v), for failure to comply with the court's orders. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 13, 2011

                                            /s/
                                     DORA L. IRIZARRY
                                United States District Judge